IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE D CHAVEZ,

    Plaintiff,

v.                                                                              No. 19-cv-0496 MV-JFR

STATE OF NEW MEXICO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Joe Chavez's Motion to Reopen Case (Doc. 12). Petitioner is incarcerated and proceeding *pro se*. He initiated this case by filing a *Pro Se* Motion to Toll Limit on Federal Habeas Corpus Petition (Doc. 1). That motion acted as a placeholder while he completed the state exhaustion process. On April 28, 2020, his state habeas proceeding concluded. *See* CLS: Order Denying Petition in S-1-SC-38152. By an Order entered May 1, 2020, the Court directed Petitioner to file an amended § 2254 petition and either prepay the $5 habeas filing fee or, alternatively, submit a motion to proceed *in forma pauperis*. *See* Doc. 3 (Cure Order). The Court also mailed Petitioner a form § 2254 petition and a form *in forma pauperis* motion, with instructions. The Cure Order warned that the failure to timely address the filing fee and file an amended petition would result in dismissal of this case without further notice.

    The deadline to cure both deficiencies was June 1, 2020. Petitioner did not comply or otherwise respond to the Cure Order. Accordingly, the Court dismissed this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See* Docs. 4, 5; *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute

or comply with the … court's orders.").

Shortly after the dismissal ruling, Petitioner filed an inmate account statement, a § 2254 petition, and the pending Motion to Proceed *In Forma Pauperis. See* Docs. 6-8. The filings do not address the Dismissal Order or present any grounds for reconsideration of this case under Rule 59(e) of the Federal Rules of Civil Procedure. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that a motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Rule 59). By an Order entered December 28, 2021, the Court permitted Petitioner to supplement and clarify the post-judgment filings. *See* Doc. 10. Petitioner timely filed the instant Motion to Reopen. *See* Doc. 12. He represents that he tried to timely comply with the original Cure Order but could not do so because of the prison legal mail system. Petitioner was transferred to another facility after he filed his opening pleading in this case, which caused some delay. He tried to timely comply with the Cure Order at the new prison, but the mailroom refused to mail his documents even though he paid for postage.

The Court construes Petitioner's arguments under Rule 59(e), as the Motion relates back to/supplements the post-judgment filings submitted within 28 days of entry of the Judgment.[1] Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court finds that reopening the case serves the interest of justice. Petitioner's allegations, accepted as true, demonstrate that he tried in good faith to comply with the Cure Order, and the failure to comply

---

[1] Even if the Motion did not relate back to the original post-judgment filings under Rule 59(e), the Court would reopen the case under Rule 60(b)(6) of the Federal Rules of Civil Procedure for substantially the same reasons.

was out of his control.

Moreover, even though this case was dismissed without prejudice, Petitioner cannot refile based on the statute of limitations. Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Petitioner's criminal judgment became final no later than March 29, 2019, after the New Mexico Supreme Court ("NMSC") denied relief on direct appeal and Petitioner declined to seek federal certiorari review. *See State v. Chavez,* S-1-SC-37401; *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed"). Two hundred and seventy-two (272) days of the one-year period passed without tolling activity. *See* Docket Sheet in Case No. D-1215-CR-2012-321. Petitioner filed a state habeas petition on December 26, 2019, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). The petition was summarily dismissed, and the proceeding remained pending until the NMSC denied certiorari relief on April 28, 2020. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). The next day, the remaining "time for filing a federal habeas petition [93 days][2] resumed…." *Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019) (addressing complex tolling calculations under § 2244). The one-year period therefore expired no later than July 31, 2020. Petitioner cannot obtain federal habeas review unless the Court reopens this proceeding and considers the Amended Petition filed July 15, 2020.

Based on this procedural posture and Petitioner's representations regarding his inability to

---

[2] The Court arrived at this figure by subtracting the number of non-tolling days that initially elapsed (272) from the one-year period (*i.e.,* 365 days in a year - 272 days = 93 remaining days).

send legal mail during the relevant cure period, the Court will grant the Motion. The case will be reopened, and Respondent must answer the Amended Petition within sixty (60) days of entry of this Order.

**IT IS ORDERED** that Petitioner's Motion to Reopen Case (**Doc. 12**) is **GRANTED**; and the Clerk's Office shall reopen the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail copies of this Order and the Amended Petition (**Doc. 7**) to Respondent Attorney General of the State of New Mexico ("AG") to the following address:

> Attn: F.N., Paralegal - Habeas Corpus Administrator
> New Mexico Office of the Attorney General
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

**IT IS FINALLY ORDERED** that the AG must answer the Petition within **60 days** of entry of this Order. The answer must address the merits of each claim and may provide additional information on exhaustion. The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court; including memoranda filed by <u>both</u> parties. The AG must also attach to the answer copies of all state post-conviction or appellate proceedings and any transcripts that are needed to resolve the claims.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE