IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE D. CHAVEZ,

    Petitioner,
vs.                                  No. CIV 19-00496 MV/JFR

STATE OF NEW MEXICO,

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Joe D. Chavez's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 7] and United States Magistrate Judge John F. Robbenhaar's May 28, 2023 Proposed Findings and Recommended Disposition ("PFRD") [Doc. 24]. In his PFRD, Magistrate Judge Martinez recommended that the Court deny Petitioner's Amended Petition with prejudice and that the Court decline to issue a Certificate of Appealability ("COA"). On July 24, 2023, Petitioner timely filed his Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 34). On April 9, 2024, this Court entered an Order directing Respondents to file a response to Petitioner's Objections (Doc. 35). On May 29, 2024, Respondents timely filed their response (Doc. 36). Plaintiff's Objections are now before the Court.

Under the legal standards described below, the Court has considered Petitioner's Amended Petition, the Magistrate Judge's PFRD, Petitioner's objections, and Respondents' response to those objections, and has conducted a de novo review. Based on the Court's de novo review, the Court

1

finds that Petitioner's objections to the Magistrate Judge's PFRD are not well-taken and therefore will be overruled.

## BACKGROUND

Petitioner was convicted of various offenses in the Twelfth Judicial District Court (Otero County), State of New Mexico, in April 2014. Doc. 19-1 at 130-148. He was convicted of all counts except Count 3 (trafficking – methamphetamine) and Count 5 (trafficking- marijuana). *Id.* In October 2018, the New Mexico Court of Appeals affirmed the convictions and sentence. *Id.* at 251-272. The New Mexico Supreme Court denied Petitioner's petition for a writ of certiorari. *Id.* at 288-89. Petitioner's subsequent request for state habeas relief was dismissed and his attempts to appeal the denial of such habeas relief were unsuccessful. *Id.* at 429-30, 446, 611. Petitioner then commenced the present federal habeas proceeding. Doc. 7.

## STANDARD

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may place on the PFRD whatever reliance the Court, "in the exercise of sound discretion," deems appropriate, *see United States v. Raddatz*, 447 U.S. 667, 676

(1980), but "must . . . modify or set aside any part of the [PFRD] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" if (1) it is without factual support in the record, (2) the reviewing court is left with the definite and firm conviction that a mistake has been made, or (3) the finding is neither plausible nor permissible in light of the entire record on appeal. *Stouffer v. Duckworth*, 825 F.3d 1167, 1179 (10th Cir. 2016).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Relatedly, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *Leal v. United States*, 2023 WL 6360864, at *2 (D.N.M. Sept. 29, 2023).

This current stage of the litigation, involving Petitioner's objections, occurs against the backdrop that federal habeas relief is not proper when the petitioner shows only a possible state law error, and not a violation of federal law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (reversing federal district court's grant of habeas relief because district court apparently assumed either that federal habeas relief is available for a state law error, or that the federal due process clause requires a "correct" application of a state law rule, when neither assumption is correct). For purposes of a § 2254 proceeding, a petitioner is only entitled to relief if he demonstrates that the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an

3

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 8 U.S.C. § 2254(d); *see Welch v. Workman*, 639 F.3d 980, 991-92 (10th Cir. 2011) (after confirming the existence of clearly established federal law, the court can only grant relief if the state court decision is "diametrically different" and "mutually opposed" to that established law).

When petitioners proceed pro se, the court generally construes their pleadings liberally, holding them to a less stringent standard than those that a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Id*. The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## DISCUSSION

Petitioner presents four arguments in support of his Objections: (1) the federal government's seizure of his property and his state criminal prosecution resulted in a violation of his double jeopardy rights; (2) insufficient evidence supported his convictions for racketeering, money laundering, and related conspiracies; (3) erroneous jury instructions deprived him of a fair trial; and (4) he received ineffective assistance of counsel. The Court addresses these arguments in turn.

I.  Double Jeopardy

In his Objections, Petitioner states that he "agrees" with the Magistrate Judge that the State "may not" have violated double jeopardy because the federal government's property seizure was filed under "dual sovereignty[.]" Doc. 34 at 1. Petitioner thus appears to acknowledge the principle that federal and state prosecutions generally will not violate double jeopardy because the federal government and a particular state are considered separate sovereigns. *United States v. Barrett*, 496 F.3d 1079, 1118-19 (10th Cir. 2007). Nonetheless, Petitioner, asserts that the property was "seized arbitrarily" by the State, and notes that he was acquitted of two trafficking counts. Neither of these assertions establishes a double jeopardy issue. Nor does Petitioner explain how the PFRD contains legal error in its conclusion that there was no double jeopardy violation. *Id.* at 1-2. Accordingly, the Court will overrule Petitioner's objection to the PFRD's recommendation that this Court deny his claim for relief based on double jeopardy.

II.  Sufficiency of the Evidence to Support Petitioner's Convictions

Petitioner next argues that "due to the acquittals of counts 3 and 5 of the indictment, the evidence is insufficient to prove beyond a reasonable doubt that petitioner committed at least two crimes that constitute racketeering" because, according to Petitioner, counts 3 and 5 were the only two possible offenses that could constitute racketeering. Doc. 34 at 3-4. This is not an accurate statement of the law. *See United States v. Johnson*, 911 F.3d 1394, 1403-04 (10th Cir. 1990) (government established predicate acts of racketeering sufficient to justify defendant's conviction on RICO charge, noting that defendant must have "committed" at least two racketeering-related crimes, not that he must have been convicted of such). Petitioner's acquittal on the trafficking counts does not, in and of itself, negate the sufficiency of the evidence supporting his racketeering convictions.

As the Magistrate Judge explained, evidence is sufficient to support a conviction so long as "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[W]hile the evidence supporting the conviction must be 'substantial' and 'do more than raise a mere suspicion of guilt,' it 'need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt.'" *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987) and *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir. 1986)). A court will not "overturn a jury's finding unless no reasonable juror could have reached the disputed verdict." *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997). Nor will a federal court overturn a state court decision regarding sufficiency of the evidence unless the state court's decision was "objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 4 (2011) (citation omitted). Rather, a court must "affirm the judgment of conviction if there is record evidence which would allow a rational trier of fact to find the defendant guilty of the crime charged in the indictment beyond a reasonable doubt." *United States v. Young*, 862 F.2d 815, 818 (10th Cir. 1988). Finally, the state court decision will meet the AEDPA standard 'unless the analysis [is] so flawed as to undermine confidence that the constitutional claim has been fairly adjudicated." *Mora v. Williams*, 111 F. App'x 537, 541 (10th Cir. 2004).

In the instant case, the New Mexico Court of Appeals reviewed the elements of racketeering. *See* Doc. 19-1 at 269-272 (reviewing NMSA 1978, §§ 30-42-1 to -6 (1980, as amended through 2015)). The appellate court concluded that the evidence at trial demonstrated that "the common purpose of the AZ Boys was to profit from ongoing illegal activity" and its members "were involved in the operation and shared the common purpose to profit from drug

6

trafficking and money laundering." *Id*. at 270. The Court of Appeals found that the AZ Boys was an organization, with Petitioner's brother Robert as the leader, and Petitioner as Robert's intermediary who would ensure that Robert's orders were carried out. *Id*. The AZ Boys demonstrated a high degree of planning, cooperation and coordination. *Id*. at 271. The appellate court also concluded that the AZ Boys had continuity whose associates acted on a continuing basis, and which operated for at least the five years during which law enforcement observed them. *Id*. Indeed, during that time, the evidence showed that the organization made "at least" 16 cash vehicle purchases in members' names from 2007-2012 and managed to overcome operational setbacks such as the arrest of a member by finding a suitable replacement. *Id*. Based on this evidence, the Court of Appeals found that "there was a consistent pattern of drug trafficking and money laundering. Defendant and other members were jointly involved in the common purpose of profiting from illegal acts." *Id*. at 271-72. The appellate court concluded that there was sufficient evidence of an enterprise to convict Petitioner of racketeering. *Id*. at 272. Additionally, the district judge in the state habeas proceeding summarily dismissed Petitioner's argument that there was insufficient evidence at trial, finding that the appellate court gave "careful consideration" in its opinion to the contrary. *Id.* at 430.

    This Court is unable to conclude that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law… or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Notwithstanding the fact that the Court of Appeals did not explicitly address Petitioner's acquittal of two trafficking counts, the appellate court clearly found that the overall conduct of Petitioner and the other members of the AZ Boys was to profit from illegal activity, including a "consistent pattern of drug trafficking and money laundering." Doc.

19-1 at 272. This Court agrees with the Magistrate Judge that the state court's determination of the facts, given the evidence presented, was reasonable and was not contrary to clearly established Federal law. As such, the Court will overrule Petitioner's objection to the PFRD's recommendation that this Court deny his claim for relief based on the insufficiency of the evidence to support his convictions.

III.     Erroneous Jury Instructions

Petitioner also argues that erroneous jury instructions given on his racketeering charges deprived him of the right to a fair trial. Doc. 34 at 7. Specifically, he contends that the instructions improperly omitted the elements of *all* the possible predicate offenses, instead providing the elements of only trafficking and conspiracy to traffic, which are not the only possible predicate offenses for the racketeering and conspiracy charges. Doc. 7 at 19-22.

As the Magistrate Judge explained, "[a] § 2254 petitioner has a heavy burden in attempting to set aside a state conviction based on an erroneous jury instruction." *Nguyen v. Reynolds,* 131 F.3d 1340, 1357 (10th Cir.1997). "[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire,* 502 U.S. 62, 71-72 (1991). Rather, where a habeas claim is based on an improper jury instruction, the initial inquiry must be "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quotation omitted); *see also Nguyen,* 131 F.3d at 1357 ("As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." (quotation omitted)). In making this determination, the federal court must consider the jury instruction "in the context of the instructions as a whole and the trial record." *Estelle,* 502 U.S. at 72. Thus, as the Magistrate Judge explained, Petitioner is entitled to habeas

8

relief only if the improper instructions both (1) "so infected the entire trial that the resulting convictions violate due process" and (2) "had a substantial and injurious effect or influence in determining the jury's verdict." *Turrentine v. Mullin,* 390 F.3d 1181, 1191 (10th Cir. 2004) (quotation omitted). The Magistrate Judge concluded that these requirements were not met, and this Court agrees.

Petitioner premises his argument entirely on the fact that the jury instructions given in Petitioner's trial were substantively identical to those given in the later trial of a co-defendant, which the New Mexico Court of Appeals determined to be erroneous. *See State v. Catt*, 435 P.3d 1255, 1260-63 (N.M. Ct. App. 2018) ("Because the instructions permitted the jury to convict Defendant for racketeering based on predicate offenses for which the jury had no elements, the instructions were erroneous."); Doc. 19-1 at 399-407 (attaching *Catt* opinion to state habeas petition). Nowhere in *Catt* did the appellate court refer to, or rely upon, federal law as the basis for its rulings. Petitioner's argument thus is rooted in a state appellate court's interpretation of state law. As such, the claim is not cognizable under 28 U.S.C. § 2254. *Engle v. Isaac*, 456 U.S. 107 (1982).

Petitioner is entitled to federal habeas relief only if the Court finds that the erroneous jury instructions resulted in a deprivation of Petitioner's federal constitutional rights. To make the requisite showing, Petitioner must establish that the instruction was so fundamentally unfair as to have denied him of due process. *Tiger v. Workman,* 445 F.3d 1265, 1267-68 (10th Cir. 2006); *see also Nguyen,* 131 F.3d at 1357 (citations omitted) (errors in jury instructions are not reviewable in federal habeas corpus proceedings "unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law."). This Petitioner has not done.

Given the evidence at trial demonstrating that Petitioner was substantially involved in

9

trafficking and distributing controlled substances and in money laundering, *see* Doc. 36 at 6-11, there is no reason to believe that the jury instructions deprived Petitioner of a fair trial or due process of law or otherwise prevented him from presenting a defense such that it constituted a *federal due process violation*. Accordingly, the Court will overrule Petitioner's objection to the PFRD's recommendation that this Court deny his claim for relief based on erroneous jury instructions.

IV.     Ineffective Assistance of Counsel

Finally, Petitioner argues that his trial counsel was ineffective for failing to investigate, failing to file motions, and failing to communicate. Doc. 24 at 19. In the PFRD, the Magistrate Judge determined that, beyond making assertions of ineffective assistance, "Petitioner fail[ed] to offer any argument or analysis as to how counsel's failure to take any of these various actions was deficient, let alone how Petitioner suffered prejudice by counsel's lack of action." *Id.* The Magistrate Judge concluded that Petitioner's "skin-and-bones claims" were insufficient to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), even allowing for his *pro se* status. *Id.* at 20-21.

In his Objections, Petitioner repeats his assertion, without any factual support, that the "New Mexico Appellate Courts' decision" rejecting his claim is both contrary to and involved an unreasonable application of clearly established federal law. Doc. 34 at 10. But as the Magistrate Judge determined, "there is nothing about [the state court] decisions to suggest that they applied federal law in an objectively unreasonable manner." Doc. 24 at 19 (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (court must ask "whether the state court's application of clearly established federal law was objectively unreasonable")). Specifically, the Magistrate Judge explained that the motions that Petitioner faults his counsel for not filing likely would be "without merit," and, even

10

if they did potentially have merit, Petitioner could not demonstrate that trial counsel's decision not to file them was based on anything other than a valid defense strategy. Accordingly, the Court will overrule Petitioner's objection to the PFRD's recommendation that this Court deny his claim for relief based on ineffective assistance.

## CONCLUSION

For the foregoing reasons, the Court overrules each of Petitioner's objections to the PFRD, adopt the PFRD in its entirety, and denies the Amended Petition.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Petitioner's Objections to the *Magistrate Judge's Proposed Findings and Recommended Disposition* (Doc. 34) are OVERRULED;

2. Petitioner's *Motion to Amend Habeas Corpus Petition* (Doc. 21) and subsequent *Clarification* (Doc. 23) are DENIED;

3. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 24) are ADOPTED;

4. The Court DISMISSES the Petition WITH PREJUDICE;

5. The Court DENIES Petitioner's request to issue a Certificate of Appealability.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE